## WAKEM *v.* LEROY.

(Decided April 30, 1928.)

*Mr. William Freilich,* for plaintiff in error.
*Messrs. George & Leasure,* for defendant in error.

HOUCK, J. This case comes into this court on a petition in error from the common pleas court of Muskingum county. The action below was based upon three trade acceptances, each for the sum of $231, with interest thereon at the rate of 6 per cent. The defendant filed an answer denying in substance any consideration for these trade acceptances, and also alleging that there was a want of consideration, a fraudulent consideration, and that the acceptances were fraudulently obtained. To this answer the plaintiff filed a reply, in which he denied all of the

material allegations of the answer, and affirmatively averred that he was the owner and holder of the trade acceptances in question for a good and valuable consideration; that he purchased them before due; that they were not fraudulently obtained; and that he had no knowledge of any defects or infirmities in them at the time they were purchased.

The statements hereinbefore made with reference to the reply are the legal effect of the allegations contained therein.

Upon the issues raised by the pleadings the cause was submitted to a jury on the evidence, and a verdict was returned for the defendant. Error is prosecuted to this court by the plaintiff in error, J. Wallace Wakem, who was the plaintiff below, seeking upon numerous grounds a reversal of the judgment entered in the lower court, but especially assigning as prejudicial error the admission of certain evidence on the part of the trial judge, the exclusion of evidence, and that the verdict of the jury is manifestly against the weight of the evidence.

This court has examined the pleadings, read the evidence contained in the bill of exceptions, and has examined very carefully the general charge of the trial judge as to the law given to the jury.

The outstanding question for determination by this court, which must be decided by it from the record, is whether or not the trade acceptances in suit were purchased under the circumstances and conditions averred and set forth by the defendant in his answer; in other words, the determinative question before us is whether or not the instruments sued on were at the time owned by plaintiff, in due course, purchased before due, for a good and valu-

able consideration, and without any knowledge or information on his part that there were any infirmities or defects in same.

As to the first question raised by counsel for plaintiff in error, did the court commit prejudicial error in the admission or exclusion of evidence? In our examination of the record we find that Bernard Leroy, a witness for defendant, was permitted, over the objection and exception of plaintiff's counsel, to give testimony concerning certain statements claimed to have been made to him by one Mulligan, which testimony was very damaging to the plaintiff, if competent and properly admitted. However, we find from the record that the testimony was wholly irrelevant, and incompetent, and improperly admitted, for the reason that the record is silent, and there is no affirmative evidence in any way connecting the witness Mulligan with the plaintiff, or showing that he was his agent or had any authority to represent or speak for him in the premises. We therefore find that the testimony and evidence given by Bernard Leroy in this respect was incompetent, and wholly irrelevant, and of a highly prejudicial nature and character to the rights of plaintiff in error, and should have been excluded as requested by counsel for plaintiff, and that in this respect there is prejudicial error in the record.

The second question in the case is whether the verdict of the jury and the judgment entered on the same are manifestly against the weight of the evidence. This involves the question whether or not the evidence offered was sufficient in law to sustain the claim of defendant that the plaintiff was not the owner and holder of the trade acceptances sued on

in due course, that they were not purchased before due and for a good and valuable consideration, and that he had no knowledge of any infirmities in them, if any existed at the time he purchased same.

Section 8157, General Code, provides:

"One is a holder in due course who has taken the instrument under the following conditions:

"1.   That it is complete and regular upon its face.

"2.   That he became the holder of it before it was overdue, and without notice that it previously had been dishonored, if such was the fact.

"3.   That he took it in good faith and for value.

"4.   That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

In other words, the decisive questions in this lawsuit are whether or not plaintiff was the owner and holder of the trade acceptances in question, in due course, purchased before due, and for a valuable consideration; whether or not he knew at the time he purchased said acceptances of the alleged claim and defenses of the defendant thereto; whether he had any knowledge of any defects or infirmities of the trade acceptances at the time he purchased them. All of these propositions and the good faith or lack of good faith of plaintiff with reference to the entire transaction were questions of fact to be determined by the jury under proper instructions from the court. After a most careful examination of the facts as contained in the bill of exceptions, we are satisfied that the jury was not warranted under the evidence in returning the verdict it did, and that the same is and was manifestly against the weight of the evidence. We are bound to reach this conclusion

from all of the facts, circumstances, and surroundings in the case, as presented in the record, measured by the statutory provision herein cited with reference to negotiable instruments and the rules of law herein laid down.

It therefore follows that the judgment of the common pleas court should be reversed for the following reasons:

(1) The trial judge erred to the prejudice of plaintiff in error in the admission of evidence.

(2) The verdict and judgment entered in this case are manifestly against the weight of the evidence.

Judgment reversed, and cause remanded to the common pleas court for further proceedings.

*Judgment reversed and cause remanded.*

SHIELDS and LEMERT, JJ., concur.